**NEIL HALTTUNEN**, OSB#206806
halt@vpjlaw.com
**MATTHEW L. JARVIS**, OSB#071345
jarvis@vpjlaw.com
VIDRIO PARK & JARVIS
484 NE Bovard Av.
Dallas Or 97338
Telephone (503) 623-6676
Facsimile (503) 714-8727

Attorneys for Plaintiff Robert Gorman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ROBERT GORMAN**, an individual, | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF 42 USC §1983; UNREASONABLE SEIZURE |
| **DOUGLAS COUNTY SHERIFFS' OFFICE**, a government entity; **DEPUTY BRANDON BLACK**, an individual and in his official capacity; **SERGEANT JONATHAN DORLAND**, an individual and in his official capacity and **JOHN DOES** 1-10, individually and in their official capacities. | DEMAND FOR JURY TRIAL |
| Defendants, | |

Plaintiff Robert Gorman ("Gorman") brings this Complaint for violation of 42 USC §1983; Unreasonable Seizure, against Defendants Douglas County Sheriffs' Office ("DCSO"), Deputy Brandon Black ("Black"), Sergeant Jonathan Dorland ("Dorland") and John Does 1 through 10 related to plaintiff's arrest on November 17, 2019, absent probable cause.

<: page 2 of 9>

# PARTIES

1. Plaintiff Robert Gorman is a citizen of the United States and resides in Douglas County, Roseburg, Oregon.

2. Defendant Douglas County Sherriff's Office ("DCSO") is a government entity in the County of Douglas, State of Oregon.

3. Defendant Deputy Brandon Black ("Black") is an individual residing in Douglas County, Oregon. He is an employee of Douglas County Sheriff's Office and performs duties as a Sheriff's Deputy in his official capacity.

4. Defendant Sergeant Jonathan Dorland ("Dorland") is an individual residing in Douglas County, Oregon. He is an employee of Douglas County Sheriff's Office and performs duties as a Sheriff's Deputy in his official capacity.

5. Plaintiff does not know the true names, capacities or basis for liability of Defendants sued herein as John Does 1 through 10 ("DOES"). Each fictitiously named Defendant is liable in some manner to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore alleges that at all relevant times mentioned in this complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants and each of them.

# JURISDICTION

6. This Court has original jurisdiction over the DCSO, Black, Dorland and Does because this action is a federal question under 28 USC §1331 and §1343 because Plaintiff is suing pursuant to 42 USC 1983. Jurisdiction for Federal Claims is provided by 28 USC§ 1331.

2-COMPLAINT FOR VIOLATION OF 42 USC 1983, UNREASONABLE SEIZURE and PUNITIVE DAMAGES

## VENUE

7. Venue in this Court is appropriate, pursuant to 28 USC §1391(b) and LR 3-2, because the events or omissions that give rise to these claims occurred in Roseburg, Douglas County, State of Oregon which is within this judicial district.

## STATE ACTION

8. At all relevant times matter's, defendants DCSO, Black, Dorland and Does acted under the color of state law when they subjected Plaintiff to the wrongs plead below.

## TORT CLAIM NOTICE

9. This complaint is filed within two (2) years from the date of injury. ORS 12.110. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Any notice requirement under ORS 30.275 was tolled by Oregon HB 4212.

## FACTS

10. The relevant facts that give rise to this complaint occurred on November 17th, 2019, at Colonial Rd. and Melrose Rd. in Roseburg, Douglas County, Oregon. Plaintiff was involved in a single vehicle non-injury motor vehicle crash. The crash involved only damage to fixtures or property legally upon or adjacent to a highway. Plaintiff was injured in the crash and left the scene briefly to, *inter alia*, attend to his injury.

11. Defendant Black responded to the scene. While enroute to the scene, Black received information from his dispatch center that the driver (Plaintiff) was "possibly intoxicated." Before Black arrived at the site of the collision Plaintiff had arrived back at the scene and was cooperative with police during their investigation.

12. Black spoke with Plaintiff and was unsatisfied with Plaintiff's explanation of the cause of the crash. Black began inquiring about Plaintiff's use of alcohol that day.

13. Defendant Dorland also responded to the scene and interviewed Plaintiff.

14. Black and Dorland conferred more than once while muting the audio on their body cam in violation of the legislative intent of ORS 133.741 and DCSO policy 450.

15. Plaintiff was eventually arrested for DUII (ORS 813.010) and Failure to Perform the Duties of a Driver (ORS 811.700) and was later charged by information. The Defendants acted intentionally when arresting Plaintiff.

16. Plaintiff's "mugshot" was publicly released and several news stories about his arrest were broadcast on news channels and are still publicly available through a simple Google search. The Defendants acted intentionally when releasing Plaintiff's likeness publicly.

17. Plaintiff worked in law enforcement at the time and the news stories of his arrest garnered more attention than an average arrest for similar charges.

18. Plaintiff hired an attorney to defend him against these charges. Plaintiff's attorney filed a motion to suppress evidence alleging that Defendants Black and Dorland lacked probable cause to arrest Plaintiff.

19. On March 10, 2021, a hearing was held on Plaintiff's motion to suppress before the Honorable Frances Elaine Burge. Judge Burge took testimony and evidence including body cam footage. Judge Burge took the matter under advisement.

20. On March 25, 2021, Judge Burge gave her ruling on the record finding there was no probable cause to arrest Plaintiff at the time he was in fact arrested on November 17, 2019, by Black.

21. On March 31, 2021, Judge Burge signed an order granting Plaintiff's motion to suppress in its entirety.

22. On March 31, 2021, Judge Burge signed an order dismissing the DUII (ORS 813.010)

and Failure to Perform the Duties of a Driver (ORS 811.700) charges.

23. Plaintiff has since been forced to resign his employment in law enforcement as the direct result of the actions of Defendants.

## FIRST CLAIM FOR RELIEF

(Violation of Constitutional Right to Substantive Due Process-Unreasonable Seizure)
(42 U.S.C. § 1983, Fourth and Fourteenth Amendments to the U.S. Constitution)

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. By their action described herein, the individual defendants deprived Plaintiff of his constitutional right to be free from unreasonable seizure.

26. Defendants DCSO, Black, and Dorland acted under the color of state law, ordinance, regulation, custom, or usage when they deprived Plaintiff of rights and privileges secured to him under the Fourth and Fourteenth Amendments of the United States Constitution by subjecting Plaintiff to unreasonable seizure with deliberate indifference to his liberty interests in his employment. Defendants Black and Dorland acted in the course of their employment for DCSO. Defendants Black and Dorland acted intentionally when arresting Plaintiff.

27. Defendants DCSO, Black and Dorland violated clearly established statutory and/or constitutional rights of Plaintiff by arresting him absent probable cause and acting with deliberate indifference in one or more of the following particulars:

    a. Black arrested Plaintiff absent probable cause.

    b. Black either knew or should have known there was no objective basis to believe there was probable cause to arrest Plaintiff.

    c. Dorland directly participated in the constitutional deprivation, directed the constitutional deprivation, or failed to act to correct the deprivation.

e. By their actions, Black and Dorland caused Plaintiff's reputation in law enforcement to suffer damage.

f. By their actions described herein, the individual Defendants displayed a deliberate indifference towards Plaintiff's liberty interest in his law enforcement career by allowing the details of his arrest to be publicly broadcast when they knew or should have known there was no probable cause to arrest Plaintiff.

g. By their actions described herein, Defendants DCSO, Does, Black, and Dorland displayed a deliberate indifference towards Plaintiff's liberty interest in his law enforcement career by allowing the details of his arrest to be publicly broadcast.

28. Defendants acted under the color of state law, ordinance, regulation, custom, or usage when they deprived Plaintiff of the rights and privileges secured to him under the United States Constitution, to wit: Plaintiff's liberty interests in being free from unreasonable seizure and pursuit of his chosen occupation.

29. As a result of the actions and inactions of the Defendants, Plaintiff suffered public humiliation, shame, and emotional distress.

30. As a result of the actions and inactions of the defendants, Plaintiff suffered the loss of his chosen profession.

31. As a result of the actions and inactions of the defendants, Plaintiff suffered non-economic damages in an amount to be determined at trial for emotional distress and loss of enjoyment of life.

32. As a result of the actions and inactions of the defendants, Plaintiff suffered economic damages including lost income.

33. The actions of the individual Defendants in this case were malicious, deliberate, intentional, and were launched with the knowledge of, or conscious disregard of, the harm that would be inflicted upon plaintiff. Further, Defendants acted with an improper purpose, namely, to prevent themselves from appearing to engage in a cover up. As the result of the previously described conduct, Plaintiff is entitled to punitive damages against the individual Defendants in an amount sufficient to punish them; deter future like conduct; and deter like conduct of others.

34. Plaintiff was required to hire attorney(s) to represent him in this matter and is entitled to an award of reasonable fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF
### (Local Government Claim- 42 U.S.C. § 1983)
### (Unreasonable Seizure against Defendant Douglas County Sheriff's Office)

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. Defendant DCSO failed to properly train their officers in the probable cause standard when making an arrest and/or has allowed similar incidents. DCSO encouraged or acquiesced to such conduct by its officers; has tacitly encouraged or acquiesced to the unlawful conduct by failing to train, discipline, or supervise their officers thereby evincing a deliberate indifference towards Plaintiff's constitutional rights sufficient to support a verdict that DCSO policies, customs, or practices caused the unlawful arrest of Plaintiff, thereby making DCSO liable for the acts of the individual Defendants. Defendants Black and Dorland acted in the course of their employment for DCSO.

37. Defendant DCSO ratified the conduct of Black and Dorland by failing to discipline and failing to admit error.

38. Defendant DCSO and Does intentionally released Plaintiff's likeness publicly when they knew or should have known there was no probable cause for Plaintiff's arrest.

39. As a result of the actions and inactions of the Defendants, Plaintiff suffered humiliation, emotional distress, and the loss of his chosen occupation.

40. As a result of the actions and inactions of the Defendants, Plaintiff suffered non-economic damages in an amount to be determined at trial for humiliation, emotional distress, loss of his chosen occupation, and loss of enjoyment of life.

41. As a result of the actions and inactions of the defendants, Plaintiff suffered economic damages including lost wages.

42. Plaintiff was required to hire attorney(s) to represent him in this matter and is entitled to an award of reasonable fees and costs pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

43. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable that are raised herein, or which hereinafter may be raised in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court enter judgment in his favor and against Defendants as follows:

1. Finding that all defendants are jointly and severally liable for all causes of action detailed herein, awarding compensatory damages in an amount to be determined by a jury and/or the court.

2. Awarding Plaintiff monetary damages in an amount to be determined by a jury and/or the court.

3. Awarding Plaintiff punitive damages in an amount to be determined by a jury and/or the court.

4. Awarding Plaintiff its litigation expenses, including reasonable attorney fees, costs, and disbursements; and

5. Granting such other relief as the case may require or as may be deemed just and equitable.

DATED this 8th day of November 2021.

    Respectfully submitted,

    Vidrio, Park & Jarvis P.C.

    By: /s/ Neil Halttunen_____
    Neil Halttunen, OSB 206806
    Email: halt@vpjlaw.com
    Matthew L. Jarvis, OSB#071345
    Email: Jarvis@vpjlaw.com
    Telephone: (503) 623-6676
    Facsimile: (503) 714-8727

    Attorneys for Plaintiff
    Robert Gorman